UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARYANN SOLE,

                         Plaintiff,

v.                                              Civil Action No. _____

THE RECEIVABLE MANAGEMENT SERVICES, LLC.,

                         Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff MaryAnn Sole is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, The Receivable Management Services, LLC, (hereinafter "RMS") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

1

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That upon information and belief, Plaintiff does not owe any debt.

10. That upon information and belief, a "Toni Brice" owes a debt. This debt will be referred to as the "subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That "Toni Brice" does not live with Plaintiff nor do they share a telephone number.

13. That upon information and belief, Defendant was employed to collect on the subject debt.

14. That in or about fall of 2020, Defendant began calling Plaintiff's telephone number multiple times per week in an attempt to collect on the subject debt from "Toni Brice."

15. That the Plaintiff informed the Defendant during the first few times the Defendant called her that her number was not a good contact for Toni Brice and to stop calling her.

16. In or about February 2021, Defendant called the Plaintiff asking for Toni Brice. Plaintiff told the Defendant that they had the wrong number and not to call Plaintiff.

17. In or about August 2021, Defendant called the Plaintiff asking for Toni Brice. Plaintiff again told Defendant that they had the wrong number and to stop calling.

18. That despite Plaintiff informing Defendant that Toni Brice did not live at her residence and requesting that Defendant stop calling, Plaintiff has continued to receive telephone calls from Defendant.

19. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

20. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

21. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

22. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

23. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

24. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692b(3), 15 U.S.C. §1692d, 15 U.S.C. §1692d(5), 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1), by continuing to contact the Plaintiff multiple times to collect a debt that Plaintiff does not owe, and after being informed Plaintiff is not the debtor and to stop calling her number.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 6, 2021

 /s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com